UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIK MISHIYEV,**

    **Plaintiff,**

v.                                           Case No: 8:24-cv-2675-MSS-TGW

**YOUTUBE, LLC, and SUNDAR PICHAI,**

    **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court upon consideration of Defendants' Motion to Transfer to the Northern District of California, (Dkt. 10), Plaintiff's response, (Dkt. 13), and Plaintiff's supplemental responses. (Dkts. 14 and 17) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendants' Motion.

    **I.**    **BACKGROUND**

Plaintiff initiated this action against Defendants on October 17, 2024 in the Sixth Judicial Circuit Court of Florida. (Dkt. 1) Defendants removed the action to the United States District Court for the Middle District of Florida (the "MDFL") on November 18, 2024. (Id.) In the Complaint, Plaintiff asserts claims for intentional interference with business relations and intentional infliction of emotional distress under Florida common law, violation of Florida's Unfair and Deceptive Trade

Practices Act, § 501.204, Fla. Stat. (2024) ("FDUPTA"), and misrepresentation under the Digital Millenium Copyright Act, 17 U.S.C. § 512(f). As the basis for these claims, Plaintiff alleges YouTube, LLC ("YouTube") removed videos Plaintiff had posted to his YouTube channels in response to fraudulent allegations of copyright infringement. (Dkt. 1-3 at ¶ 21) Plaintiff also alleges YouTube wrongfully diverted views to his page, failed to notify Plaintiff's subscribers when he uploaded new videos, stopped his advertisement revenue, and ultimately terminated his channel. (Id.) Defendants seek transfer of this case to the United States District Court for the Northern District of California (the "NDCA") under 28 U.S.C. § 1404(a) and pursuant to a forum selection clause in YouTube's Terms of Service. (Dkt. 10) Plaintiff opposes transfer. (Dkt. 13)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." "[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a) . . . ." Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W.D. Tex., 571 U.S. 49, 52 (2013). "When a defendant files such a motion . . ., a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Id. Section 1404(a) "requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Id. at 59–60 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988)); see also GDG

Acquisitions, LLC v. Gov't of Belize, 749 F.3d 1024, 1028 (11th Cir. 2014) ("[A]n enforceable forum-selection clause carries near-determinative weight.").

Where the parties have agreed to a forum-selection clause, the plaintiff bears the burden of showing why the case should not be transferred to the agreed forum. Atl. Marine, 571 U.S. at 64. A denial of a motion to transfer may be appropriate if the plaintiff shows that the public interest favors the plaintiff's selected forum. Id. "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" Id. (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 & n.6 (1981)).

### III. DISCUSSION

Defendants seek transfer of this action pursuant to the express forum selection and governing law clauses contained in YouTube's Terms of Service. The clauses in effect when Plaintiff filed this lawsuit state:

> All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.

(Dkt. 10-1 at ¶ 7) The Terms of Service define "Service" as "the YouTube platform and the products, services and features we make available to you as part of the platform . . . ." (Id.) Defendant presents evidence that Plaintiff assented to the Terms of Service through a declaration by Raquel Small, a Legal Enablement Program Manager at YouTube. (Id. at ¶ 1) Ms. Small states that YouTube's records show Plaintiff agreed

3

to the Terms of Service when he signed up for YouTube's services in 2006. (Id. at ¶¶ 3–4, 10) Ms. Small states that users agree to modifications of the Terms of Service by continuing to use YouTube's service. (Id. at ¶ 11) Plaintiff does not dispute that he agreed to the Terms of Service. Likewise, Plaintiff does not dispute that the Terms of Service or the forum selection clause are valid and enforceable.

Defendant maintains that Plaintiff's claims are subject to the forum selection clause because they arise out of Plaintiff's status as a YouTube user, YouTube's alleged removal of content from his YouTube channels, and YouTube's termination of his accounts. (Dkt. 10 at 10) In response, Plaintiff argues that his claims are not based on the Terms of Service but arise out of YouTube's alleged breach of Florida common law and FDUPTA, and YouTube's alleged failure to adhere to the Digital Millenium Copyright Act. (Dkt. 13 at 1)

The Court finds that Plaintiff's claims are subject to the forum selection clause because they relate to YouTube's removal of Plaintiff's content due to allegedly fraudulent allegations of copyright infringement. First, the Court notes that many cases arising out of YouTube's moderation of users' content on its platform have been transferred pursuant to the forum selection clause in YouTube's Terms of Service. See, e.g., Trump v. YouTube, LLC, 2021 WL 8398892, at *3 (S.D. Fla. Oct. 6, 2021) (collecting cases and concluding that the forum selection clause applied to the plaintiffs' claims, including their claims under FDUPTA); Lewis v. Google, Inc., No. 19-cv-2387, 2019 WL 10749715, at *3 (D. Colo. Dec. 31, 2019); Ramani v. YouTube LLC, No. 17-CV-5746, 2019 WL 13437826, at *1–3 (S.D.N.Y. Sept. 20,

4

2019); Muhammad v. YouTube, LLC, No. 18-836, 2019 WL 2338503, at *3 (M.D. La. June 3, 2019); Song fi, Inc. v. Google Inc., 72 F. Supp. 3d 53, 64 (D.D.C. 2014). Next, a review of the Terms of Service and the Complaint reveals that Plaintiff's claims are subject to the forum selection clause. The Terms of Service state, "If any of your Content (1) is in breach of this Agreement or (2) may cause harm to YouTube, our users, or third parties, we reserve the right to remove or take down some or all of such Content in our discretion." (Dkt. 10-1 at 18) The current Terms of Service expressly incorporate YouTube's Community Guidelines and YouTube's Policy, Safety, and Copyright Policies, which prohibit users from uploading content that infringes the copyrights or other intellectual property rights of others. (Id. at ¶ 5) Plaintiff's claims relate to YouTube's exercise of its discretionary authority to remove content that allegedly infringes on third parties' intellectual property rights. Moreover, Plaintiff's allegations expressly reference YouTube's Terms of Service. He alleges in the Complaint that YouTube "did not follow their own terms and conditions and copyright policies" before removing Plaintiff's content. (Dkt. 1-3 at ¶ 23) Thus, Plaintiff's claims arise out of and relate to the Terms of Service.

Based on the foregoing, the forum selection clause governs this lawsuit and mandates transfer to the NDCA. Accordingly, the burden shifts to Plaintiff to show that transfer is inappropriate because the public interest favors this case being heard in the MDFL. Atl. Marine, 571 U.S. at 64.

Plaintiff argues that transfer is inappropriate because the action involves the violation of Florida law. (Dkt. 13 at 4) Plaintiff also notes that he suffered injury in

5

Florida, and he will experience hardship if his case is transferred to NDCA. (Id. at 1; Dkt. 14 at 1) The Court may deny a motion to transfer where the public interest favors the plaintiff's selected forum. Atl. Marine, 571 U.S. at 64. In deciding this question, the Court considers factors such as "'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" Id. (quoting Piper Aircraft, 454 U.S. at 241 & n.6). The Court must also, however, give "'controlling weight'" to the forum selection clause "'in all but the most exceptional cases.'" Id. at 59–60 (citing Stewart Org., 487 U.S. at 33). Plaintiff must show that public interest factors "overwhelmingly disfavor a transfer." Id. at 67.

Plaintiff fails to show that the public interest favors this case proceeding in the MDFL. First, Plaintiff makes no argument that administrative difficulties would result from the transfer of this case to the NDCA. Next, although Plaintiff asserts claims under Florida law, this case is not a localized controversy. Plaintiff, a Florida resident, sues YouTube, a California company, and Mr. Pichai, a California resident. He challenges YouTube's Terms of Service and its policies related to copyrighted content, which YouTube enforces nationwide. And in addition to his claims under Florida law, Plaintiff also raises a claim under the federal Copyright Act. This dispute is not localized in nature. Finally, the Court is not persuaded that this case is "at home with the law" in Florida. Id. (quoting Piper Aircraft, 454 U.S. at 241 & n.6). Plaintiff's claims largely arise out of YouTube's alleged failure to adhere to the Copyright Act's codification of the "fair use" doctrine. For these reasons, the Court finds transfer

pursuant to the forum selection clause and 28 U.S.C. § 1404(a) is appropriate in this case.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Transfer to the Northern District of California, (Dkt. 10), is **GRANTED**.

2. The Clerk is directed to **TRANSFER** this case to the Northern District of California.

**DONE and ORDERED** at Tampa, Florida this 2nd day of December 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party